UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD PHILLIPS,

        Plaintiffs,

vs.                                       Case No.: 07-10764
                                       HON. GEORGE CARAM STEEH

CITY OF SOUTHFIELD, a municipal
corporation; SCOTT KRAMER,
PAUL KINAL, CRAIG DOWLING, each
individually and in their official capacities
with the City of Southfield Police
Department, jointly and severally,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR FALSE ARREST, CONSPIRACY, AND NEGLIGENT TRAINING AND SUPERVISION [DOC. # 6]

The matter before the Court is defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons set forth below, defendants' motion is GRANTED.

## FACTUAL BACKGROUND

On April 7, 2006, Plaintiff Richard Phillips was alone in his residence at 20780 Wayland in Southfield, Michigan following a dispute with his wife. Southfield Police Officers Paul Kinal and Craig Dowling arrived at the residence in response to a domestic violence call. Officer Scott Kramer joined the other officers shortly after they arrived. Phillips denied the request of the officers to enter his home. Officer Kinal kicked open the door to the home and the officers entered.

Phillips alleges that while in his home, the officers physically restrained and beat him about the body, head and face. Phillips required medical treatment at the scene and was transported to the hospital.

At his arraignment the following day, Phillips was charged with domestic violence against his wife, assault and battery, and three counts of resisting and obstructing an officer while causing injury. The 46th District Court conducted a preliminary examination hearing on the resisting and obstructing counts. The court received written and oral argument from the parties, and on May 8, 2006 the court dismissed the resisting and obstructing charges. On May 31, 2006, Phillips pled nolo contendere to the domestic violence charge, and the assault and battery charge was dismissed. Phillips was sentenced to 12 months of probation, community service, and was required to pay a fine.

As a result of this incident, Phillips filed a complaint against the City of Southfield and Officers Kramer, Kinal and Dowling, alleging a deprivation of constitutional rights, conspiracy, and negligent training and supervision.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. The court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." However, a court should grant a motion to dismiss under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support [of her] claim which would entitle [her] to relief." Noel v. Fleet Finance, Inc., 971 F Supp 1102, 1105 (E.D. Mich. 1997).

ANALYSIS

I. <u>Deprivation of Rights, 42 U.S.C. § 1983 - False Arrest</u>

Defendants argue that plaintiff's claim for deprivation of rights under 42 U.S.C. § 1983 based on false arrest should be dismissed as a matter of law. A plaintiff may not recover for a violation of his civil rights arising out of an arrest if probable cause to arrest is established. <u>Thacker v. City of Columbus</u>, 328 F.3d 244, 258-59 (6th Cir. 2003) (involving claim of malicious prosecution); <u>Walker v. Schaeffer</u>, 854 F.2d 138, 143 (6th Cir. 1988). The Supreme Court has held that in order for a convicted § 1983 plaintiff to recover damages for an unconstitutional conviction or imprisonment (including false arrest, malicious prosecution or other harm that would invalidate the conviction or sentence), the plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id</u>. at 487.

In this case, there is indisputably probable cause for the domestic violence charge, to which plaintiff pled nolo contendere and was sentenced. Plaintiff's argument is that the charges against him should be considered separately, and that the defendant officers did not have probable cause to arrest him for resisting and obstructing. This argument does not have any support in the case law. Once the officers received the

3

domestic violence call, they had probable cause to investigate and arrest plaintiff. Plaintiff lost his right to challenge the arrest for domestic violence by pleading nolo contendere.

Plaintiff's claim of deprivation of constitutional rights due to false arrest is dismissed. The claim in Count I alleging that the defendant officers used excessive force in violation of his constitutional rights is still a viable claim.

II. Conspiracy, 42 U.S.C. § 1985 and § 1986

In Count II of his complaint, plaintiff alleges that defendant officers conspired to violate his civil rights when they "met, discussed and decided to ent[er] onto the private residential property of Plaintiff in a manner not authorized by law and in violation of the constitutions of the United States and the State of Michigan." (Complaint, ¶ 23). In order to state a cause of action under § 1985, a plaintiff must prove the existence of a conspiracy among two or more persons. Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ., 926 F.2d 505, 509 (6th Cir. 1991). Because the defendants are agents of the City of Southfield and employees of the Southfield Police Department, plaintiff's conspiracy claim should be dismissed under the intra-corporate conspiracy doctrine.

> The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves.

Denny v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001) (citations omitted). "If all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." Hull, 926 F.2d at 510.

4

Here, the only conspirators identified by plaintiff are all employees of the City of Southfield. The alleged subject of their conspiracy - the unauthorized entry into plaintiff's residence - relates to their performance of their official duties. Because the officers were acting in their official capacities with the City of Southfield Police Department when they entered plaintiff's residence, there can be no claim against them under § 1985.

Conspiracy claims under § 1985 further require an allegation of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Kush v. Rutledge, 460 U.S. 719, 726 (1983). Plaintiff argues that he is not limited to race-based claims, and that the rights of private property owners satisfy the class-based animus requirement of a § 1985 claim. The Court is not aware of any case permitting the class-based animus requirement to be satisfied by animus against private property owners.

Section 1986 is designed to punish those who aid and abet violations of § 1985. Haverstick Enterpirses, Inc. v. Financial Federal Credit, Inc., 32 F.3d 989, 994 (6th Cir. 1994). Accordingly, since plaintiff is unable to establish a conspiracy claim under 42 U.S.C. § 1985, his claim under § 1986 also fails.

III. Negligent Training and Supervision Claim

In Count III, plaintiff asserts that the City of Southfield was negligent in the supervision and training of its police officers in the grounds and methods of entry into a private residence without consent of the homeowner, and is therefore liable for the defendant officers' actions.

5

Defendants move to dismiss the claims against the City based on the governmental immunity statute, M.C.L. § 691.1407. "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." Training and supervising police officers is clearly the exercise of a governmental function. None of the recognized exceptions appear to apply (the five statutory exceptions to governmental immunity are: failure to maintain highways, negligent operation of government-owned vehicles, public building defects, performance of proprietary functions, and ownership or operation of a governmental hospital).

Plaintiff contends that he is claiming gross negligence on the part of defendants, and that gross negligence is an exception to the governmental immunity statute. M.C.L. § 691.1407(2). However, section (2) of the statute applies only to individuals seeking immunity, not governmental entities, and plaintiff has not alleged gross negligence on the part of any of the individual defendants.

Plaintiff's negligent training and supervision claim is therefore dismissed.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is GRANTED as to Count I for false arrest only, Count II for conspiracy, and Count III for negligent training and supervision.

Dated: July 17, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

6

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 17, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk