**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RICHARD PHILLIPS,**
          **Plaintiff,**                    **CIVIL ACTION NO.  07-CV-10764**

   **VS.**                                  **DISTRICT JUDGE GEORGE CARAM STEEH**

**CITY OF SOUTHFIELD,**                     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
                    **Defendants.**
_____/


**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS**

     Before the Court is Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set

of Interrogatories and First Request for Production of Documents filed on July 3, 2007.  (Docket no. 15).

Defendants filed a Response on July 18, 2007.  (Docket no. 19).  Plaintiff filed a Statement of Unresolved

Issues on July 30, 2007.  (Docket no. 21).  The motion was referred to the undersigned for hearing and

determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 9).  The Court conducted a hearing on

the motion on August 6, 2007.  The matter is now ready for ruling.

     Plaintiff brought this action claiming Constitutional and related violations, use of excessive force

and negligent training and supervision against Defendant City of Southfield and its police officers

Kramer, Kinal and Dowling ("Defendant Officers").  On July 17, 2007, Judge Steeh entered an order

dismissing Plaintiff's Claims Count I, Deprivation of Constitutional Rights, Count II, Conspiracy to

Violate Civil Rights (§ 1985 and § 1986) and Count III Negligent Training and Supervision.  The only

remaining claim before the Court is Plaintiff's Count I for excessive force against Defendant Officers.

On or about February 21, 2007 Plaintiff served his First Interrogatories and First Request for Production of Documents on Defendants. Defendants served objections to a limited number of the Interrogatories and Requests for Production dated March 21, 2007. Plaintiff filed a Motion to Compel responses to Interrogatories 3, 10, 11[1] and 14 and Requests for Production 1 and 3[2] on July 3, 2007.

In his Statement of Unresolved Issues, Plaintiff referenced several Interrogatories and Requests for Production that were *not* addressed in his motion to compel and for which he has not provided the interrogatories and requests as required by Local Rule 37.2. These additional unresolved issues are not properly before the Court on this motion.

Interrogatory Nos. 3 and 14 are at issue. Interrogatory No. 3 asks whether any Defendant in this matter has ever been subjected to disciplinary action including, but not limited to, counseling, reprimand or time off, and if so, asks for specific factual information related to the discipline. Defendants object to Interrogatory No. 3 as irrelevant and subject to an executive and deliberative process privilege.

Under the deliberative process privilege, "intra-government documents which reflect advisory opinions, recommendations, and deliberations comprising part of the process by which governmental decisions are formulated" are protected from disclosure in discovery. *See Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984). Factual material, including reports and summaries, is not protected by the privilege. *See Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D. Pa. 1973). Interrogatory No. 3 seeks factual information, not opinions, recommendations or evaluations. Therefore, the deliberative process privilege does not apply. However, Plaintiff's claim for negligent supervision and training against the City

---

[1]Interrogatory Nos. 10 and 11, regarding expert witness information, were resolved prior to the hearing.

[2]On July 27, 2007, the Court's Deputy Clerk contacted Plaintiff's counsel and informed him that his original Motion to Compel did not include the interrogatories and requests for production listed on the exhibit list. Plaintiff re-filed the motion twice and failed to attach the set of interrogatories and requests for production to either filing.

of Southfield was dismissed by the Court on July 17, 2007. Plaintiff failed to show any other permissible reason that disciplinary records and information regarding past incidents other than the alleged incident at issue in Plaintiff's Complaint (the "April 7, 2006 Incident") would be relevant to his remaining claim for excessive force.

The Court will deny Plaintiff's motion to compel in part as to Interrogatory No. 3 insofar as the Interrogatory relates to past incidents and is not limited to the alleged April 7, 2006 Incident. The Court will order Defendants to answer Interrogatory No. 3 with factual information relating to the alleged April 7, 2006 Incident. The Court will further order Defendants to withhold the residential addresses, telephone numbers and social security numbers of any law enforcement officers whose names are given in response to Interrogatory No. 3.

Plaintiff's Interrogatory No. 14 seeks information relating to each document, tangible thing or physical evidence which may be offered into evidence at the trial of this cause of action, including names, residential addresses and telephone numbers of the investigators, custodians and other persons who acquired the document or physical thing.

Defendants object to this Interrogatory to the extent it seeks personal information regarding any law enforcement officer and asserts that each officer has a constitutionally protected right not to disclose such personal information. The parties agreed that the Defendants will respond to Interrogatory No. 14, without providing personal information for any law enforcement officer. The Court orders Defendants to answer Interrogatory No. 14 without disclosing the residential addresses, telephone numbers and social security numbers of law enforcement officers whose names are given in response to Interrogatory No. 14.

Request for Production Nos. 1 and 3 are at issue in Plaintiff's Motion. Plaintiff's Request for Production No. 1 seeks books and records setting forth information related to disciplinary action taken

by any Defendant against any other Defendant at any time including but not limited to counseling, reprimand or time off, and requests that such books and records show specific factual information.

Defendants object to Request No. 1 as irrelevant and subject to an executive privilege. Request No. 1 is subject to the law and analysis cited above with respect to Interrogatory No. 3. The Court will deny Plaintiff's motion to compel in part as to Request No. 1 as it relates to past incidents other than the alleged April 7, 2006 Incident. The Court will order Defendants to produce for in camera inspection all responsive documents relating to the alleged April 7, 2006 Incident. The documents will be reviewed for material protected by the deliberative process privilege. The Court will further order Defendants to withhold the residential addresses, telephone numbers and social security numbers of law enforcement officers whose names are given in response to Request No. 1.

Plaintiff's Request for Production No. 3 seeks "[a] copy of each and every written statement(s) or document(s) from any person, including, but not limited to, Plaintiff regarding the accident complained of in Plaintiff's Complaint." The parties agree that Defendant will provide copies of all police reports and investigative reports responsive to Request for Production No. 3. To the extent that the Defendants assert that any of the responsive reports or documents are subject to the deliberative process privilege, the Defendants will provide those documents to the Court for in camera inspection. The Court will order Defendants to produce documents responsive to Request No. 3, including any and all statements by Defendant Officers or other witnesses, police reports and investigative reports relating to the alleged April 7, 2006 Incident.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents (docket no. 15) is **GRANTED IN PART AND DENIED IN PART**. Within fourteen days of the entry of this Order, Defendants will answer Interrogatory No. 3 with responsive information relating to the alleged April 7, 2006 Incident, answer

Interrogatory No. 14, produce to the Court for in camera inspection any and all information and documents in response to Request No. 1 that relate to or reference the alleged April 7, 2006 Incident, and produce to Plaintiff documents responsive to Request for Production No. 3, including but not limited to all statements by Defendant Officers and other witnesses, police reports and investigative reports.

**IT IS FURTHER ORDERED** that Defendants shall withhold the personal information of any law enforcement officer whose name is given in response to the above Interrogatories and Requests, including residential addresses, phone numbers and social security numbers and, to the extent Defendants assert deliberative process privilege for any documents or information, Defendants will provide those documents to the Court for in camera inspection.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 09, 2007                    s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: August 09, 2007                    s/ Lisa C. Bartlett
                                          Courtroom Deputy